**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-4382

GENE R. EATON, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CR-95-178)

Submitted: February 13, 1997

Decided: February 28, 1997

Before WIDENER and HAMILTON, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James O. Broccoletti, J. F. Hoen, ZOBY & BROCCOLETTI, P.C.,
Norfolk, Virginia, for Appellant. Helen F. Fahey, United States Attor-
ney, Robert E. Bradenham II, Assistant United States Attorney, Nor-
folk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gene R. Eaton, Jr. appeals his jury convictions for armed bank robbery, 18 U.S.C. §§ 2113(a) and (d) (1994), and using and carrying a firearm during the robbery, 18 U.S.C. § 924(c) (1994). Finding no error, we affirm.

First, Eaton claims the Government failed to present sufficient evidence that his gun was actually a firearm, rather than a toy gun. We review challenges to the sufficiency of the evidence by viewing the evidence at trial in the light most favorable to the prosecution, including all reasonable inferences that can be drawn from the evidence. Glasser v. United States, 315 U.S. 60, 82 (1942); United States v. Russell, 971 F.2d 1098, 1109 (4th Cir. 1992). A verdict must be sustained if supported by substantial evidence. Glasser, 315 U.S. at 80.

Four eyewitnesses testified that Eaton brandished a firearm during the robbery. Additionally, another witness testified that Eaton told him he used a Tec-9 firearm during the robbery, and another witness testified that Eaton inquired about obtaining a firearm to use in the robbery. While the Government did not present expert testimony that the gun was an actual firearm, eyewitness testimony is sufficient to sustain a conviction. United States v. Jones, 907 F.2d 456, 460 (4th Cir. 1990). Viewed in the light most favorable to the Government, there was substantial evidence to uphold Eaton's convictions. See Glasser, 315 U.S. at 80.

Second, Eaton claims the trial court committed plain error by admitting testimony about his drug use. See United States v. Olano, 507 U.S. 725 (1993). If error, it must have been "clear" and seriously affect the fairness, integrity, or public reputation of judicial proceedings. Id. at 732.

2

One witness testified that Eaton asked him to participate in the robbery while they were smoking marijuana. Two other witnesses testified that Eaton told them about the robbery to prove he had money to purchase drugs. These statements did not constitute plain error because, even if error, they did not seriously affect the fairness, integrity or public reputation of the judicial proceeding. <u>See id.</u> Further, the Government presented substantial evidence that Eaton committed the crimes, including eyewitness testimony and surveillance photographs.

Accordingly, we affirm Eaton's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3